**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 06-20162-01-KHV** |
| **KEVIN TOMMIE HALL,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER**

On October 7, 2008, a jury found defendant guilty of armed bank robbery; using, carrying or brandishing a firearm during and in relation to a crime of violence; and possession of a firearm by a convicted felon.  See Verdict (Doc. #104).  This matter is before the Court on defendant's *pro se* Motion For Discovery (Doc. #117) filed December 30, 2008.  Defendant asks the Court to order the government to let him review Jencks Act materials and certain FBI reports.

Courts often limit disclosure of sensitive documents to counsel and prohibit criminal defendants from removing or copying such materials.[1]  At this stage, defendant has not shown a particularized need for these documents.[2]  Defendant apparently hopes that he will find errors by

---

[1] See United States v. Deering, 179 F.3d 592, 596 (8th Cir.) (district court did not abuse discretion in allowing only defendant's stand-by counsel to inspect government file), cert. denied, 528 U.S. 945 (1999); United States v. Birbragher, No. 07-cr-1023-LRR, 2008 WL 2246913, at *2 (N.D. Iowa May 29, 2008) (defendant has no absolute right to personally inspect or copy documents in government's file); see also United States v. Williams, No. S1-00-cr-1008, 2005 WL 664933, at *1 (S.D.N.Y. Mar. 22, 2005) (permitting defendant to personally review sensitive materials only if defense counsel or defense counsel's staff present).

[2] See Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim is not frivolous and materials are needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free

(continued...)

counsel to support a claim of ineffective assistance, but such claims ordinarily must be brought in collateral proceedings.[3] Absent a habeas corpus petition on file, indigent petitioners are not entitled to "documents" or "parts of the record" without cost.[4] The Court therefore overrules defendant's motion.[5]

**IT IS THEREFORE ORDERED** that defendant's *pro se* Motion For Discovery (Doc. #117) filed December 30, 2008 be and hereby is **OVERRULED**.

Dated this 11th day of March, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2](...continued)
copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Lewis, 37 F.3d 1510 (Table), 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (same standard as transcripts can be applied to prisoner requests for pretrial records).

[3] See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (ineffective assistance of counsel claims brought on direct appeal are presumptively dismissible and virtually all will be dismissed).

[4] 28 U.S.C. § 2250; see United States v. Horvath, 157 F.3d 131, 133 (2d Cir. 1998) (because defendant had not filed Section 2255 motion, request for materials not ripe); Lewis, 1994 WL 563442, at *1; see also Rule 6 of the Rules Governing Section 2255 Proceedings (discovery available upon showing of good cause).

[5] The Court also overrules defendant's motion because he filed it *pro se* while he is represented by counsel. See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider *pro se* motion when defendant was represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant is represented by counsel, court does not accept *pro se* filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation").

counsel to support a claim of ineffective assistance, but such claims ordinarily must be brought in collateral proceedings.[3] Absent a habeas corpus petition on file, indigent petitioners are not entitled to "documents" or "parts of the record" without cost.[4] The Court therefore overrules defendant's motion.[5]

**IT IS THEREFORE ORDERED** that defendant's *pro se* Motion For Discovery (Doc. #117) filed December 30, 2008 be and hereby is **OVERRULED**.

Dated this 11th day of March, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2](...continued)
copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Lewis, 37 F.3d 1510 (Table), 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (same standard as transcripts can be applied to prisoner requests for pretrial records).

[3] See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (ineffective assistance of counsel claims brought on direct appeal are presumptively dismissible and virtually all will be dismissed).

[4] 28 U.S.C. § 2250; see United States v. Horvath, 157 F.3d 131, 133 (2d Cir. 1998) (because defendant had not filed Section 2255 motion, request for materials not ripe); Lewis, 1994 WL 563442, at *1; see also Rule 6 of the Rules Governing Section 2255 Proceedings (discovery available upon showing of good cause).

[5] The Court also overrules defendant's motion because he filed it *pro se* while he is represented by counsel. See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider *pro se* motion when defendant was represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant is represented by counsel, court does not accept *pro se* filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation").