# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20162-01-KHV |
| KEVIN TOMMIE HALL, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

On October 7, 2008, a jury found defendant guilty of armed bank robbery; using, carrying or brandishing a firearm during and in relation to a crime of violence; and possession of a firearm by a convicted felon. On June 10, 2009, the Court sentenced defendant to 594 months in prison. This matter is before the Court on defendant's letter (Doc. #160) which the Court received on August 31, 2009, and construes as a pro se motion for discovery of the amounts which the Court paid to defendant's court-appointed counsel.

Initially, the Court overrules defendant's pro se motion because defendant is represented by counsel. See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant was represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant is represented by counsel, court does not accept pro se filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation").

Although defendant argues that the records are necessary on appeal, he has not shown a particularized need for the documents. To the extent such documents are necessary, appellate counsel can obtain such information. In addition, information on the precise amount of time and

expenses which counsel expended on various portions of the case appears to relate to possible claims of ineffective assistance which ordinarily must be brought in collateral proceedings. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (ineffective assistance claims brought on direct appeal are presumptively dismissible and virtually all will be dismissed). The Court therefore overrules defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #160) which the Court received on August 31, 2009, and construes as a pro se motion for discovery of the amounts which the Court paid defendant's court-appointed counsel, be and hereby is **OVERRULED**.

Dated this 30th day of October, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge