# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 06-20162-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| KEVIN TOMMIE HALL, | ) | No. 18-2642-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On October 7, 2008, a jury found defendant guilty of armed bank robbery (Count 1); using, carrying or brandishing a firearm during and in relation to a crime of violence (Count 2); and possession of a firearm by a convicted felon (Count 3). On June 10, 2009, the Court sentenced defendant to 594 months in prison. This matter is before the Court on defendant's Motion For Appointment Of Counsel (Doc. #246) filed October 29, 2018 and defendant's Rule 60(b) Motion Revisited [And] Rule 60(b)(6) New Motion (Doc. #245) filed June 18, 2018, which the Court construes as both a motion for relief under Rule 60(b)(6), Fed. R. Civ. P., and a second or successive motion under 28 U.S.C. § 2255. For reasons stated below, the Court overrules defendant's motion to appoint counsel and Rule 60(b)(6) motion, dismisses defendant's Section 2255 motion for lack of jurisdiction, and denies a certificate of appealability.

## Procedural Background

On October 7, 2008, a jury found defendant guilty of armed bank robbery; using, carrying or brandishing a firearm during and in relation to a crime of violence; and possession of a firearm by a convicted felon. See Verdict (Doc. #104). Defendant asked for a mistrial because (1) the Court referred to his specific prior convictions when reading the indictment to the jury and (2) the

evidence was insufficient for a jury to find him guilty of the charged offenses. The Court found that the reference to defendant's prior convictions was not prejudicial because defendant planned to testify and the Court independently admitted testimony about his prior offenses. See Memorandum And Order (Doc. #140) filed June 2, 2009 at 6. In overruling defendant's argument based on the sufficiency of the evidence, the Court found that even though the government presented circumstantial evidence, the evidence was substantial and overwhelming, and included the following: defendant was driving a vehicle which matched the description provided by bank employees; he attempted to elude police by driving for an extended period at a high rate of speed; during the chase, he and/or his passenger threw items from the vehicle including a shotgun (an exact match to the one used during the bank robbery), clothing items and money (including bank bait bills); one of the items discarded from the vehicle was a dark colored ski mask similar to that worn by the bank robber with DNA matching that of defendant; a Wal-Mart receipt in the vehicle showed the purchase of a dark colored ski mask and gloves; video surveillance showed that defendant and James Morrison had gone to Wal-Mart the night before the robbery and purchased the mask and gloves; several months after the government charged defendant, he sent letters to his former girlfriend and asked her to say that she was with him at a halfway house in Leavenworth at approximately 2:00 p.m. on November 7, 2006; and defendant's former girlfriend testified that she was not with defendant that day at any time. See id. at 7-8.

On June 10, 2009, the Court sentenced defendant to 594 months in prison. See Judgment In A Criminal Case (Doc. #144). Defendant's sentence included concurrent terms of 294 months for armed bank robbery under 18 U.S.C. § 2113(a) (Count 1) and 180 months for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g) (Count 3), and a consecutive term of 300 months for using, carrying or brandishing a firearm during and in relation to a crime of

violence under 18 U.S.C. § 924(c) (Count 2).  See Judgment In A Criminal Case (Doc. #144). The Tenth Circuit affirmed.  See Judgment (Doc. #176).

On March 10, 2015, the Court overruled defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #184) and denied a certificate of appealability.  See Memorandum And Order (Doc. #208).  On June 16, 2015, the Court overruled defendant's Motion For Reconsideration (Doc. #209).  See Memorandum And Order (Doc. #216).  On October 30, 2015, the Tenth Circuit denied defendant a certificate of appealability of this Court's ruling on his Section 2255 motion.  Order Denying Certificate Of Appealability (Doc. #232).

On June 29, 2016, in the Tenth Circuit Court of Appeals, defendant filed a motion for authorization to file a second or successive Section 2255 motion.  Defendant asserted that under Johnson v. United States, 135 S. Ct. 2551 (2015), (1) his conviction on Count 2 under 18 U.S.C. § 924(c) should be vacated because the crime of aiding and abetting bank robbery is not a "crime of violence" and (2) his sentence on Counts 1 and 3 should be vacated because his prior bank robbery convictions no longer qualify as violent felonies under 18 U.S.C. § 924(e)(1) or crimes of violence under Section 4B1.1 of the Sentencing Guidelines.  See Motion For Authorization To File A Second Or Successive Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255 By A Person In Federal Custody, 10th Cir. No. 16-3214, filed June 29, 2016, at 8-9, 13-14.  Defendant's motion for authorization remains pending before the Tenth Circuit.

On June 18, 2018, defendant filed the instant Rule 60(b) Motion Revisited [And] Rule 60(b)(6) New Motion (Doc. #245).  Defendant argues that in ruling on his motion to vacate sentence, the Court failed to rule on one of his claims related to the aiding and abetting instruction and general verdict form.  See id. at 2-5 (citing Rosemond v. United States, 572 U.S. 65 (2014)).

Defendant also asserts that at sentencing, the Court erroneously classified him as a career offender under 18 U.S.C. § 924(e)(1) and Section 4B1.1 of the Sentencing Guidelines. See id. at 6-7 (citing Moncrieffe v. Holder, 569 U.S. 184 (2013) and Mathis v. United States, 136 S. Ct. 2243 (2016)).

## Analysis

### I. Basis For Relief Requested In Defendant's Motion

Defendant purportedly seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure. The relief sought – not a motion's title – determines whether a movant filed a true Rule 60(b) motion or an unauthorized second or successive petition under Section 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitions by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255). A true Rule 60(b) motion (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1225. When determining the nature of a motion, the Court considers each issue in the motion to determine whether it represents a successive petition, a Rule 60(b) motion, or a "mixed" motion. Id. at 1224.

#### A. Claim That Court Did Not Rule On All Claims In Initial Section 2255 Motion

Liberally construed, defendant's motion asserts that the Court failed to rule on his claim

that the aiding and abetting instruction and general verdict form were erroneous for the reasons the Supreme Court set forth in Rosemond, supra. Because defendant's first claim asserts that the Court failed to rule on one of his claims presented in the original habeas petition, the Court treats the claim as part of a "true" Rule 60(b) motion. Spitznas, 464 F.3d at 1225.

      B.  Claims Of Error At Sentencing

Defendant's second claim raises new arguments based on alleged errors at sentencing. This claim in substance and effect asserts a federal grounds for relief from his underlying conviction and sentence. Because defendant has previously sought relief under Section 2255, the Court construes his second claim as part of a second or successive Section 2255 motion. See United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion); Spitznas, 464 F.3d at 1216 (motions that assert defect outside context of habeas proceeding constitute second or successive petitions); see also United States v. Moreno, 655 F. App'x 708, 713 (10th Cir. 2016) (motion to reconsider which reargues and expands upon prior substantive challenges to conviction not true Rule 60(b) motion).

**II.    Relief Under Fed. R. Civ. P. 60(b) – Claim 1**

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b). See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Under Rule 60(b), the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been

>discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Defendant alleges that the Court erred in failing to address a claim in his first Section 2255 motion. Claims of judicial mistake (both of law and of fact) ordinarily must be raised under Rule 60(b)(1). Yapp, 186 F.3d at 1231 (Rule 60(b)(1) provides for reconsideration where party has made excusable litigation mistake, attorney acted without authority; or court made substantive mistake of law or fact in final judgment or order). A party cannot assert judicial mistake in a Rule 60(b)(1) motion unless the motion is filed by the deadline for filing a notice of appeal. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996); see also Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 461 (8th Cir. 2000) (Rule 60(b)(1) motion alleging "judicial inadvertence" must be made within period allowed for appeal). Upon a showing of excusable neglect, a Rule 60(b)(1) motion can be filed as late as one year after the judgment or ordered is entered. Fed. R. Civ. P. 60(c)(1) (motion under Rule 60(b)(1), (2) or (3) must be made within reasonable time no more than one year after entry of judgment or order); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (if party is partly to blame for delay, neglect must be excusable and relief must be sought within one year under subsection (1)). Here, defendant cannot assert a motion under Rule 60(b)(1) more than three years after the Court ruled

on his Section 2255 motion.

Rule 60(b)(6) also does not provide relief. Rule 60(b)(6) requires that defendant file the motion within a "reasonable time" after entry of the challenged judgment or order. See Fed. R. Civ. P. 60(c)(1). While Rule 60(b)(6) embraces the broad equitable powers of district courts, the Court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when it offends justice to deny relief. Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005); Yapp, 186 F.3d at 1232. Defendant has not satisfied this standard for several reasons.

First, Rule 60(b)(6) cannot be invoked to challenge judicial mistakes which the party should have raised under Rule 60(b)(1). The Supreme Court has noted that Rule 60(b)(6) is "mutually exclusive" with the other subsections of Rule 60(b). Pioneer, 507 U.S. at 393. A party who fails to take timely action under subsections (1) through (5) may not seek relief more than a year after the judgment by resorting to subsection (6). Id.; Liljeberg v. Health Sers. Acquisition Corp., 486 U.S. 847, 863, and n.11 (1988); see Wallace v. McManus, 776 F.2d 915, 916 (10th Cir. 1985) (Rule 60(b)(6) relief not available if asserted grounds for relief covered by another provision of Rule 60(b)). Because plaintiff did not timely seek relief from the alleged mistake of law under Rule 60(b)(1), he is not entitled to relief under Rule 60(b)(6).

Second, Rule 60(b)(6) cannot be used as a substitute for raising arguments on direct appeal or as a challenge to the appellate court's earlier ruling. See Cummings v. Gen. Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004) (relief under Rule 60(b) not substitute for appeal); see also Cashner, 98 F.3d at 580 (broad power granted by subsection (6) not for purpose of relieving party from free, calculated and deliberate choices; party has duty to take legal steps to protect interests). Rule 60(b)(6) relief is not available as an alternative to the normal process of timely seeking amendment of a Section 2255 petition or raising claims on appeal.

Finally, defendant has not shown extraordinary circumstances which justify relief or that denying relief would offend justice. Defendant argues that the Court did not address all of his claims related to the aiding and abetting charge. This Court and the Tenth Circuit already considered this precise issue and gave defendant an adequate forum to address his claims. See Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (Rule 60(b)(6) relief available only where exceptional circumstances have denied moving party full and fair opportunity to litigate claim and have prevented party from receiving adequate redress); Atkinson v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994) (exceptional circumstances relevant only where they bar adequate redress). More than three years ago, the Court overruled defendant's motion to reconsider under Rule 59(e), which asserted that the Court misconstrued his claims related to the aiding and abetting charge. Memorandum And Order (Doc. #216) filed June 16, 2015. In his application for a certificate of appealability, defendant specifically raised the issue that the Court should have addressed his claim in light of Rosemond. See Application For A Certificate Of Appealability filed September 3, 2015 in 10th Cir. No. 15-3088, at 36, 41-44. The Tenth Circuit denied defendant's request for a certificate of appealability and dismissed the appeal. Order Denying Certificate Of Appealability (Doc. #232). Defendant merely seeks to reargue the issue and to raise additional arguments based on Rosemond that could have been raised in a motion to amend his Section 2255 motion, the Rule 59 motion or his application for a certificate of appealability. See Lebahn v. Owens, 813 F.3d 1300, 1306 (10th Cir. 2016) (Rule 60(b) motion not appropriate vehicle to advance new arguments or supporting facts available but not raised at time of original argument). In addition to the limitations under Rule 60(b), the law of the case doctrine counsels against any attempt to reconsider an issue that the Tenth Circuit has already adjudicated. See Arizona v. California, 460 U.S. 605, 618 (1983) (under law of case doctrine, once court decides

rule of law, decision continues to govern same issues in subsequent stages of same case).

In sum, the Court declines to grant relief under Rule 60(b) on defendant's claim that the Court failed to rule on all claims in his initial Section 2255 motion.

### III.     Relief Under 28 U.S.C. § 2255 – Claim 2

As stated, defendant previously filed a Section 2255 motion. Defendant's second claim raises new arguments based on alleged errors at sentencing. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion under Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claim does not satisfy the authorization standards under Section 2255, the Court dismisses the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

Here, defendant's second claim does not assert new evidence or rely on a new rule of constitutional law that the Supreme Court has made retroactive.[1] Rather, defendant raises a claim that he could have asserted on direct appeal or in his initial Section 2255 motion. Accordingly, the Court declines to transfer the present motion to the court of appeals.

## IV.   Motion To Appoint Counsel

Defendant seeks counsel to assist with his motion under Rule 60(b) and Section 2255. Motion For Appointment Of Counsel (Doc. #246) at 1. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not

---

[1] In his application pending before the Tenth Circuit, defendant has separately raised the issue whether he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015), which the Supreme Court has held is retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

-10-

entitled to counsel. As explained above, defendant's claims lack merit, either as a Rule 60(b) motion or a successive Section 2255 motion. Moreover, defendant's claims are not particularly complex factually or legally, and he is able to adequately present his claims. The Court therefore overrules defendant's motion to appoint counsel.

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Rule 60(b) Motion Revisited [And] Rule 60(b)(6) New Motion (Doc. #245) filed June 18, 2018, which the Court construes as both a motion for relief under Rule 60(b)(6), Fed. R. Civ. P., and a second or successive motion under 28 U.S.C. § 2255, is **OVERRULED in part and DISMISSED in part. Defendant's motion for relief under Rule 60(b)(6), Fed. R. Civ. P., is OVERRULED. Defendant's second or successive motion under 28 U.S.C. § 2255 is DISMISSED for lack of jurisdiction**.

---

[2] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. #246) filed October 29, 2018 is **OVERRULED**.

Dated this 14th day of December, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
