IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 06-20162-01-KHV |
| | ) | |
| KEVIN TOMMIE HALL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On June 10, 2009, the Court sentenced defendant to 594 months in prison. On March 10, 2015, the Court overruled defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #184) and denied a certificate of appealability. See Memorandum And Order (Doc. #208). On May 14, 2020, the Tenth Circuit Court of Appeals granted defendant's motion for authorization to file a successive motion under 28 U.S.C. § 2255. Order (Doc. #258) filed May 15, 2020 at 4. Specifically, the Tenth Circuit authorized defendant's challenges to (1) his Section 924(c) conviction based on United States v. Davis, 139 S. Ct. 2319 (2019) and (2) the sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on Johnson v. United States, 135 S. Ct. 2551 (2015). Id. The Tenth Circuit directed that this Court file defendant's motion for authorization and supplements as an authorized successive Section 2255 motion. Id. This matter is before the Court on defendant's Motion For Clarification (Doc. #264) filed June 15, 2020 and his Application To Proceed Without Prepayment Of Fees And Affidavit (Doc. #265) filed June 15, 2020, which the Court construes as a motion for a copy of the sentencing transcript. For reasons stated below, the Court overrules defendant's motion to clarify and sustains his request for a copy of the sentencing

## I. Motion For Clarification

This Court directed the government to respond to defendant's successive Section 2255 motion by June 26, 2020. Order (Doc. #260). Defendant states that the Court prematurely ordered the government to respond before he filed the Section 2255 motion. Defendant asserts that the Tenth Circuit granted him until June 22, 2020 to file his successive Section 2255 motion. Defendant has misread the Tenth Circuit's order. As noted above, the Tenth Circuit directed that this Court file defendant's motion for authorization and supplements as an authorized Section 2255 motion with a filing date of June 22, 2016, the date that defendant originally filed his motion for authorization. Because the Tenth Circuit did not permit defendant to file a new Section 2255 motion, the Court properly ordered the government to file a response.

Defendant also apparently seeks a delay of briefing on his Section 2255 motion because on May 28, 2020 in the Tenth Circuit Court of Appeals, he filed a motion to expand the certificate of appealability under Rule 22 of the Federal Rules of Appellate Procedure. On June 3, 2020, the Tenth Circuit notified defendant that it would not act on his motion because its prior order was not appealable or subject to a petition for rehearing or a writ of certiorari. See United States v. Hall, 10th Cir. No. 16-3214, Application For Expansion Of COA filed June 1, 2020 and Letter Response from Office of the Clerk dated June 3, 2020. Accordingly, the Court overrules defendant's request to delay briefing on his Section 2255 motion based on the motion to expand.

## II. Motion For Sentencing Transcript

Defendant seeks a copy of his sentencing transcript to aid in the filing of a reply memorandum in support of his Section 2255 motion. Because the Court previously appointed counsel for defendant under 18 U.S.C. § 3006A and it does not appear that his financial

circumstances have changed, defendant financially qualifies for in forma pauperis status. In addition, because defendant's Section 2255 motion involves nonfrivolous claims related to his sentencing, he is entitled to a copy of the transcript. See Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need). The Clerk is directed to mail defendant a copy of the Transcript Of Sentencing (Doc. #162) filed September 29, 2009.

**IT IS THEREFORE ORDERED** that defendant's Motion For Clarification (Doc. #264) filed June 15, 2020 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Application To Proceed Without Prepayment Of Fees And Affidavit (Doc. #265) filed June 15, 2020, which the Court construes as a motion for a copy of the sentencing transcript, is **SUSTAINED**.  **The Clerk is directed to mail defendant a copy of the Transcript Of Sentencing (Doc. #162) filed September 29, 2009.**

Dated this 24th day of June, 2020 at Kansas City, Kansas.

              s/ Kathryn H. Vratil
              KATHRYN H. VRATIL
              United States District Judge