**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 06-20162-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| KEVIN TOMMIE HALL, | ) | No. 16-2845-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On October 7, 2008, a jury found defendant guilty of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and 2 (Count 1); using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3).   On June 10, 2009, the Court sentenced defendant to 594 months in prison.   On March 10, 2015, the Court overruled defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #184) and denied a certificate of appealability.   See Memorandum And Order (Doc. #208).   This matter is before the Court on defendant's Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255 By A Prisoner In Federal Custody (Doc. #259) filed June 22, 2016, which the Tenth Circuit has authorized as a successive Section 2255 motion.   Order (Doc. #258) filed May 15, 2020 at 3–4.   For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

### Factual And Procedural Background

On October 7, 2008, a jury found defendant guilty of armed bank robbery (Count 1); using a firearm during and in relation to a crime of violence (Count 2); and possession of a firearm by a

convicted felon (Count 3). See Verdict (Doc. #104). On Counts 1 and 2, the Court instructed the jury that defendant could be found guilty either as a principal or an aider and abettor. The verdict form, however, did not specify under which theory that the jury found defendant guilty on those counts.

Defendant asked for a mistrial because (1) the Court referred to specific prior convictions when reading the indictment to the jury and (2) the evidence was insufficient for a jury to find him guilty of the charged offenses. The Court found that the reference to defendant's prior convictions was not prejudicial because defendant planned to testify and the Court independently admitted testimony about his prior offenses. See Memorandum And Order (Doc. #140) filed June 2, 2009 at 6. In overruling defendant's argument on sufficiency of the evidence, the Court found that even though the government presented circumstantial evidence, the evidence was substantial and overwhelming, and included the following: defendant was driving a vehicle which matched the description provided by bank employees; defendant attempted to elude police by driving for an extended period at a high rate of speed; during the chase, defendant and/or his passenger threw items from the vehicle including a shotgun (an exact match to the one used during the bank robbery), clothing items and money (including bank bait bills); one of the items discarded from defendant's vehicle was a dark colored ski mask similar to that worn by the bank robber, with DNA matching that of defendant; a Wal-Mart receipt in the vehicle showed the purchase of a dark colored ski mask and gloves; video surveillance showed that defendant and James Morrison had gone to Wal-Mart the night before the robbery and purchased the mask and gloves; several months after the government charged defendant, he sent letters to his former girlfriend and asked her to say that she was with him at a halfway house in Leavenworth at approximately 2:00 p.m. on November 7, 2006; and defendant's former girlfriend testified that she was not with defendant that

day at any time.  See id. at 7–8.

On Counts 1 and 3, based on a total offense level of 34 and a criminal history category VI, defendant's guideline range was 262 to 327 months in prison.  See Presentence Investigation Report ("PSR"), ¶ 85.  The guideline sentence on Count 2 was 300 months consecutive to the sentences on Counts 1 and 2, the statutory minimum under 18 U.S.C. § 924(c)(1)(A).  Id., ¶¶ 83, 87.  On June 10, 2009, the Court sentenced defendant to 594 months in prison—concurrent terms of 294 months for armed bank robbery (Count 1) and 180 months for possession of a firearm by a convicted felon (Count 3), and a consecutive term of 300 months for using a firearm during and in relation to a crime of violence (Count 2).[1]  See Judgment In A Criminal Case (Doc. #144).  The Tenth Circuit affirmed.  See Judgment (Doc. #176).

On March 10, 2015, the Court overruled defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #184) and denied a certificate of appealability.  See Memorandum And Order (Doc. #208).  In part, the Court overruled defendant's claim that counsel should have objected to the Court's aiding and abetting instruction on Counts 1 and 2, as follows:

> Defendant apparently argues that because [his co-defendant] pled guilty to aiding and abetting the robbery of MidAmerican Bank, the government had to proceed against defendant as the principal, i.e. the one who actually entered the bank.   The record reflects that defense counsel adequately raised this issue.   At trial, the Court overruled counsel's objection because (1) the indictment clearly charged aiding and abetting and (2) defendant's alibi defense injected the issue whether he was at the bank or whether he merely drove the getaway car.   See Transcript Of Trial (Doc. #151) at 571.   Defendant has not shown how counsel's argument on this issue was deficient or prejudicial.

---

[1]     Ordinarily, the statutory range for an offense under Section 922(g)(1) (Count 3) is up to ten years in prison.  18 U.S.C. § 924(a)(2).  Because defendant had at least three prior convictions for violent felonies or serious drug offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), his enhanced statutory range on Count 3 was 180 months to life. See 18 U.S.C. § 924(e)(1).

Id. at 35–36.

On June 16, 2015, the Court overruled defendant's motion to reconsider under Rule 59(e), which asserted that the Court misconstrued his claims related to the aiding and abetting charge. Memorandum And Order (Doc. #216).   On October 30, 2015, the Tenth Circuit denied defendant a certificate of appealability on his Section 2255 motion.   Order Denying Certificate Of Appealability (Doc. #232).

On December 14, 2018, the Court overruled in part defendant's Rule 60(b) Motion Revisited [And] Rule 60(b)(6) New Motion (Doc. #245) and dismissed it to the extent that it was a second or successive motion under 28 U.S.C. § 2255.   Memorandum And Order (Doc. #247). In doing so, the Court overruled defendant's claim that in deciding his initial Section 2255 motion, it had failed to rule on defendant's claim that the aiding and abetting instruction and general verdict form were erroneous under Rosemond v. United States, 572 U.S. 65 (2014).   Memorandum And Order (Doc. #247) at 4–9; see United States v. Davis, 750 F.3d 1186, 1193 (10th Cir. 2014) (after Rosemond, jury instruction on aiding and abetting should address defendant's advance knowledge of firearm).   The Court noted that both it and the Tenth Circuit had rejected this precise claim. Memorandum And Order (Doc. #247) at 8 (noting that defendant specifically raised Rosemond issue in prior application for certificate of appealability that Tenth Circuit denied).   As to defendant's claim that at sentencing, the Court erroneously classified him as a career offender under 18 U.S.C. § 924(e)(1) and Section 4B1.1 of the Sentencing Guidelines, the Court dismissed it as an unauthorized successive Section 2255 motion.   See id. at 9–10.   The Court denied a certificate of appealability on both rulings.   Likewise, the Tenth Circuit denied a certificate of appealability.   Order Denying Certificate Of Appealability (Doc. #257) filed July 11, 2019.

On May 14, 2020, the Tenth Circuit Court of Appeals granted defendant's motion for authorization to file a successive motion under 28 U.S.C. § 2255. Order (Doc. #258) at 3–4. Specifically, the Tenth Circuit authorized defendant to file a successive motion including claims that (1) under United States v. Davis, 139 S. Ct. 2319 (2019), his conviction on Count 2 under 18 U.S.C. § 924(c) should be vacated because the predicate crime of armed bank robbery is not a "crime of violence" and (2) under Johnson v. United States, 135 S. Ct. 2551 (2015), his sentence on Count 3 should be vacated because his prior bank robbery convictions no longer qualify as violent felonies under the ACCA, 18 U.S.C. § 924(e)(1). Order (Doc. #258) at 2–4. The Tenth Circuit denied authorization to file a successive Section 2255 motion on defendant's claim that under Johnson, the sentences on Counts 1 and 3 should be vacated because defendant's prior bank robbery convictions no longer qualify as crimes of violence under Section 4B1.1 of the Sentencing Guidelines. Id. at 3.

## Analysis

### I.    Scope Of Tenth Circuit Authorization Of Claims In Successive Section 2255 Motion

The Tenth Circuit directed the Clerk of this Court to file defendant's motion for authorization and supplements as an authorized successive Section 2255 motion. Order (Doc. #258) at 4. Defendant's motion for authorization and supplements, which the Clerk has collectively docketed as a single motion, includes two claims that the Tenth Circuit did not explicitly address. Specifically, defendant argues that under Rosemond, (1) the Court should sentence him for *unarmed* bank robbery under Count 1 and vacate his Section 924(c) conviction under Count 2 because he did not know about the firearm until after his co-defendant committed the crime, Motion To Vacate (Doc. #259) at 8, 19–20, and (2) the Court erred in instructing the jury that he could be found guilty on Counts 1 and 2 under an aiding and abetting theory of liability,

id. at 18–19, 30.   The Tenth Circuit authorization for defendant to file a successive Section 2255 motion was limited to two specific claims under Davis and Johnson.   Therefore, the Court does not address defendant's additional claims under Rosemond.

Arguably, the Tenth Circuit authorized a broad challenge to defendant's "§ 924(c) conviction and sentence and to the enhancement of his sentence under the ACCA," without reference to Davis or Johnson.   Order (Doc. #258) at 3.   To the extent that its order might be read to authorize a claim based on Rosemond, such an authorization would merely reflect its preliminary determination that defendant made a prima facie showing that he could meet the requirements of Section 2244(b).[2]   This Court has an independent duty to examine defendant's successive Section 2255 petition and determine whether the petition does, in fact, satisfy the gatekeeping requirements of Section 2244(b).[3]

To satisfy the authorization standards for a successive Section 2255 motion, defendant must assert "newly discovered evidence" or show that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable.   See 28 U.S.C. § 2255(h). Defendant has not asserted "newly discovered evidence"—he merely argues that the government

---

[2]     LaFevers v. Gibson, 238 F.3d 1263, 1264 (10th Cir. 2001) (evaluating analogous prohibition of successive § 2254 petitions); see Case v. Hatch, 731 F.3d 1015, 1030 (10th Cir. 2013) (after petitioner makes prima facie showing to appellate panel, district court must determine whether petition in fact satisfies requirements of § 2244(b)); 28 U.S.C. § 2244(b)(3)(C) (court of appeals may authorize filing of second or successive application if it determines that application makes prima facie showing that satisfies requirements); 28 U.S.C. § 2255(h) (second or successive § 2255 motion must be certified as provided in § 2244).

[3]     LaFevers, 238 F.3d at 1265; see 28 U.S.C. § 2244(b)(4) (district court shall dismiss any claim presented in second or successive application that court of appeals has authorized unless applicant shows that claim satisfies requirements of section); United States v. Washington, 890 F.3d 891, 895 (10th Cir. 2018) (after court of appeals authorizes successive petition based on prima facie showing, defendant must pass through "second gate" in district court).

did not prove that he had "advance knowledge" of the firearm in his co-defendant's possession. Motion To Vacate (Doc. #259) at 19, 22–24, 35, 37–38; Defendant's Response To Government's Motion To Dismiss Second § 2255 (Doc. #282) filed April 12, 2021 at 2–3, 10–11.   Likewise, his claim under Rosemond was not "previously unavailable" because the Supreme Court decided Rosemond in 2014, before the Court ruled on his initial Section 2255 motion.   In addition, both this Court and the Tenth Circuit previously rejected defendant's attempt to assert such a claim. Memorandum And Order (Doc. #247) at 4–9.   Accordingly, if the Tenth Circuit authorized a claim under Rosemond, the Court would dismiss the claim because it fails to meet the authorizations standards of Section 2255(h).[4]

In sum, the Court addresses defendant's two claims which satisfy the authorizations standards of Section 2255(h), i.e. his challenges to (1) his Section 924(c) conviction under Davis and (2) his sentence enhancement under the ACCA based on Johnson.

## II.   Challenge To Section 924(c) Conviction Based On Davis

Defendant claims that in light of Davis, his conviction and sentence under 18 U.S.C. § 924(c) (Count 2) should be vacated.   Count 2 charged defendant with using a firearm during and in relation to the crime of armed bank robbery as charged in Count 1.   Instructions To The Jury (Doc. #103) filed October 7, 2008, No. 19.   The jury returned a general verdict of guilty on Counts 1 and 2, which did not specifically find that defendant was guilty as a principal or as an

---

[4]        Even assuming that Rosemond applies retroactively to cases on collateral review, defendant has not shown that any error in the jury instructions about the requirement of advance knowledge had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see Underwood v. Royal, 894 F.3d 1154, 1175 (10th Cir. 2018) (on habeas review, constitutional error disregarded absent "substantial and injurious effect" on verdict) (quoting Brecht, 507 U.S. at 638).

aider and abettor.    Defendant argues that his conviction on Count 2 should be vacated because under Davis, the predicate offense of armed bank robbery or aiding and abetting such an offense no longer qualifies as a crime of violence under Section 924(c)(3).

Under Section 924(c)(3), a crime of violence is defined as an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (elements clause), or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (residual clause).    18 U.S.C. § 924(c)(3).    In Davis, the Supreme Court held that the residual clause of the "crime of violence" definition in Section 924(c)(3)(B) is unconstitutionally vague.    139 S. Ct. at 2336.    Accordingly, to prevail on his claim under Davis, defendant must show that armed bank robbery is not a crime of violence under the elements clause of Section 924(c)(3)(A).

Count 1 charged defendant with armed bank robbery under 18 U.S.C. § 2113(a) and (d), which makes it a crime for a person, "by force and violence, or by intimidation," to take money or property in possession of a bank, and in doing so "assault[] any person, or put[] in jeopardy the life of any person by the use of a dangerous weapon or device."    Instructions To The Jury (Doc. #103), No. 16.    Count 1 also charged defendant with aiding and abetting the crime of armed bank robbery under 18 U.S.C. § 2.    See 18 U.S.C. § 2 ("Whoever commits an offense . . . or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.").

Under the elements clause of Section 924(c)(3), armed bank robbery is a crime of violence because it requires that the individual assault another person, or put "in jeopardy the life of any person by the use of a dangerous weapon or device," 18 U.S.C. § 2113(d), which "necessarily threatens the use of violent force."    United States v. Lloyd, 741 F. App'x 570, 573 (10th Cir.

-8-

2018) (quoting United States v. Maldonado-Palma, 839 F.3d 1244, 1250 (10th Cir. 2016)).   "Put simply, one cannot commit armed bank robbery without the use [or threatened use] of violent force."   United States v. Lucero, No. 20-1323, --- F. App'x ----, 2021 WL 2623157, at *5 (10th Cir. June 25, 2021); see United States v. Prince, No. 21-6032, --- F. App'x ----, 2021 WL 3520806, at *2 (10th Cir. Aug. 11, 2021) (armed bank robbery is "crime of violence" under elements clause of Section 924(c)(3)(A) because it necessarily threatens use of force capable of causing physical pain or injury to another person).

Defendant argues that even if armed bank robbery is a crime of violence, aiding and abetting such an offense is not.[5]   Aiding and abetting, however, is not a separate crime.   It simply

---

[5]   As to aiding and abetting, the Court instructed the jury as follows:

Counts 1 and 2 of the indictment also charge defendant with a violation of 18 U.S.C. § 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
(1)   someone else committed the charged crime, and
(2)   defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.   Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Instructions To The Jury (Doc. #103), No. 20.

-9-

is "an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense."   United States v. Sosa, 777 F.3d 1279, 1292 (11th Cir. 2015) (quotation marks and citation omitted); see United States v. Deiter, 890 F.3d 1203, 1216 (10th Cir. 2018) (aiding and abetting not separate crime but only eliminates legal distinction between aiders and abettors and principals).   Therefore, to determine whether Count 1 satisfies the elements clause of Section 924(c), the Court looks only to the underlying statute of conviction—armed bank robbery, 18 U.S.C. § 2113(a) and (d)—rather than the aiding and abetting statute, 18 U.S.C. § 2. See Deiter, 890 F.3d at 1215–16 (applying similar approach to determine whether aiding and abetting bank robbery is "violent felony" under ACCA which contains nearly identically worded elements clause); see also Kidd v. United States, 929 F.3d 578, 581 (8th Cir. 2019) (if underlying offense categorically qualifies as crime of violence under § 924(c)(3)(A), aiding and abetting offense also qualifies), cert. denied, 140 S. Ct. 894 (2020).   Because armed bank robbery is a crime of violence, aiding and abetting armed bank robbery as charged in Count 1 also is a crime of violence.   See Deiter, 890 F.3d at 1214–16.   Therefore, the Court overrules defendant's claim that his Section 924(c) conviction should be vacated under Davis.

## II.    Challenge To ACCA Enhancement Based on Johnson

Defendant claims that under Johnson, his 15-year statutory minimum sentence on Count 3 under the ACCA, 18 U.S.C. § 924(e)(1), should be vacated.[6]   Under the ACCA, the Court must

---

[6]    In defendant's reply, he states that he "waives his argument regarding the illegal sentence the court rendered under the ACCA" and will address the ACCA sentence in a motion under 28 U.S.C. § 2241.   Defendant's Response To Government's Motion To Dismiss Second § 2255 (Doc. #282) at 15.   Because the Tenth Circuit authorized defendant's claim under the ACCA, the government has briefed the issue and Section 2241 does not appear to be an available avenue to raise such a claim, the Court addresses the ACCA claim on the merits.

impose a sentence of at least 15 years in prison if a defendant has "three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). At sentencing, the Court applied the ACCA and imposed a sentence of 15 years on Count 3 because defendant had the following qualifying offenses: (1) bank robbery in 1984, (2) armed bank robbery in 1992 and (3) conspiracy to distribute marijuana in 1999.

The ACCA defines a "violent felony" as a crime punishable by a term of imprisonment exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause), (2) "is burglary, arson, . . . extortion, or involves use of explosives" (the enumerated-offenses clause) or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B).

In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine. 135 S. Ct. at 2557–60, 2563. The Supreme Court later held that Johnson was retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Defendant argues that under Johnson, his prior bank robbery convictions are no longer violent felonies for purposes of the ACCA.[7] To obtain relief under Johnson, defendant must show

---

[7]    For purposes of defendant's motion and based on the Supreme Court's reasoning in Johnson, the Court assumes that defendant's fourth potential qualifying conviction, attempted burglary, see PSR, ¶ 45, no longer qualifies as a violent felony under the ACCA. See Johnson, 135 S. Ct. at 2556, 2563 (overruling James v. United States, 550 U.S. 192 (2007), which held that

(continued . . .)

that at sentencing, the Court "more likely than not, relied on the residual clause to enhance his

sentence under the ACCA." United States v. Driscoll, 892 F.3d 1127, 1135 (10th Cir. 2018).

Here, at sentencing, the Court did not specify the particular clause which made his prior offenses

violent felonies. Accordingly, the Court evaluates whether defendant's prior bank robbery

convictions qualify under the elements clause.[8]

To determine whether defendant's "bank robbery" offense from 1984 satisfies the elements

clause of the ACCA, the Court must initially determine whether the bank robbery statute, 18 U.S.C.

§ 2113(a), is divisible. A divisible statute "sets out one or more elements of the offense in the

alternative." Descamps v. United States, 570 U.S. 254, 257 (2013). On the other hand, an

indivisible statute "sets out a single . . . set of *elements* to define a single crime" but may include

alternative *means* of satisfying the elements of that crime. Mathis v. United States, 136 S. Ct.

2243, 2248, 2257 (2016) (emphasis added).

Section 2113(a) states as follows:

Whoever, *by force and violence, or by intimidation*, takes, or attempts to take, from
the person or presence of another, or *obtains or attempts to obtain by extortion* any
property or money or any other thing of value belonging to, or in the care, custody,
control, management, or possession of, any bank, credit union, or any savings and
loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan
association, or any building used in whole or in part as a bank, credit union, or as a
savings and loan association, with intent to commit in such bank, credit union, or
in such savings and loan association, or building, or part thereof, so used, any felony

---

[7](. . .continued)
attempted burglary under Florida law is violent felony under ACCA residual clause); see also
United States v. Robinson, 720 F. App'x 946, 951 (10th Cir. 2018) (attempted burglary conviction
in James had to be analyzed under residual clause because it explicitly did not qualify as burglary
under elements or enumerated-offenses clauses).

[8]        Neither bank robbery nor armed bank robbery are included in the enumerated-
offenses clause.

affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (emphasis added).

Section 2113(a) presents a divisible statute because it includes at least two alternative versions of the offense, each with its own set of elements.   See United States v. McGuire, 678 F. App'x 643, 645 n.4 (10th Cir. 2017).   The first set of elements requires proof of a forceful and violent or intimidating taking of money or property from a bank.   18 U.S.C. § 2113(a), ¶ 1.   The second set of elements requires entry into a bank with the intent to commit a felony or larceny affecting that bank.   18 U.S.C. § 2113(a), ¶ 2.   As defendant correctly notes, Defendant's Response To Government's Motion To Dismiss Second § 2255 (Doc. #282) at 1, the Tenth Circuit has not directly addressed whether Section 2113(a) presents a third set of *elements* which require obtaining or attempting to "obtain by extortion" any money or property from a bank, or whether the clause prohibiting extortion merely sets forth an alternative *means* of committing the crime of robbery set forth in the first paragraph.   18 U.S.C. § 2113(a), ¶ 1; see Lucero, 2021 WL 2623157 at *4 n.9 (declining to address issue because robbery by extortion not means or element of *armed* bank robbery); Deiter, 890 F.3d at 1211 n.5 (declining to address "elements versus means conundrum" in Section 2113(a)).   Even so, in several cases, the Tenth Circuit has implicitly assumed that bank robbery and bank extortion are separate offenses.   See United States v. McCranie, 889 F.3d 677, 679–81 (10th Cir. 2018) (bank robbery is crime of violence under U.S.S.G. § 4B1.2 because Section 2113(a) requires actual or attempted taking "by force and violence, or by intimidation;" not addressing whether obtaining property by extortion is part of same offense); see also United States v. Ybarra, 730 F. App'x 660, 663 (10th Cir. 2018) (bank

robbery "violent felony" under elements clause of ACCA because "least culpable conduct" of intimidation requires "use, attempted use, or threatened use of physical force;" not addressing whether obtaining property by extortion is part of same offense); McGuire, 678 F. App'x at 645 (bank robbery "by intimidation" satisfies elements clause of U.S.S.G. § 4B1.2; not considering extortion as another means to commit same offense).   Likewise, the Court finds that Section 2113(a) sets forth three alternative sets of elements: (1) bank robbery "by force and violence, or by intimidation;" (2) extortion of bank property; and (3) bank entry with intent to commit a felony or larceny affecting a bank.   See King v. United States, 965 F.3d 60, 69–70 (1st Cir. 2020) (bank robbery by force or intimidation divisible from bank extortion under Section 2113(a); noting agreement with the three circuit courts that have addressed issue); see also United States v. Hill, 484 F. Supp. 3d 980, 986 (D. Kan. 2020) (Section 2113(a), ¶ 1 divisible and states separate crimes of bank robbery and bank extortion).

Defendant's conviction for bank robbery in 1984 was based on the first set of elements, i.e. bank robbery "by force and violence, or by intimidation."   See PSR, ¶ 44 (defendant indicted for armed bank robbery, but pled guilty to bank robbery).   This version of the bank robbery statute satisfies the elements clause of the ACCA because it requires "the use, attempted use, or threatened use of physical force against the person or property of another."   18 U.S.C. § 924(c)(3)(A); see Deiter, 890 F.3d at 1212–16 (bank robbery and aiding and abetting bank robbery by force and violence or intimidation satisfy elements clause of ACCA because offense requires use or threatened use of physical force against another); Ybarra, 730 F. App'x at 663 (same); see also McCranie, 889 F.3d at 679–81 (because intimidation requires "purposeful act that instills objectively reasonable fear (or expectation) of force or bodily injury," unarmed bank robbery categorically qualifies as crime of violence under U.S.S.G. § 4B1.2).   Accordingly, defendant's

-14-

conviction for bank robbery in 1984 qualifies as a "violent felony" under the ACCA.

Defendant also had a conviction for armed bank robbery in 1992.   As explained above in relation to the elements clause of Section 924(c)(3), armed bank robbery is a crime of violence because it requires that the individual assault another person, or put "in jeopardy the life of any person by the use of a dangerous weapon or device," 18 U.S.C. § 2113(d), which necessarily threatens the use of violent force.   For this same reason, armed bank robbery is a "violent felony" under the elements clause of the ACCA, which requires the "use, attempted use, or threatened use of physical force against the person of another."   18 U.S.C. § 924(e)(2)(B)(1).

Defendant's third qualifying conviction under the ACCA was for conspiracy to distribute marijuana in 1999.   See PSR, ¶ 47.   Defendant argues that his drug conspiracy conviction does not qualify as a "serious drug offense" under the ACCA because it carried a maximum term of imprisonment of five years.   Motion To Vacate (Doc. #259) at 26; see 18 U.S.C. § 924(e)(2)(A)(i) (serious drug offense defined as drug offense with a maximum term of imprisonment of ten years or more).   Because Johnson did not address the definition of a "serious drug offense," defendant's claim is beyond the scope of the Tenth Circuit authorization, which is limited to defendant's ACCA conviction under Johnson.   Order (Doc. #258) at 3; see Johnson, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony."); United States v. Abbo, 798 F. App'x 239, 244 (10th Cir.) (defendant cannot rely on Johnson to challenge ACCA-qualifying status of convictions for reasons beyond district court use of residual clause part of violent felony definition), cert. denied, 141 S. Ct. 125 (2020).

Because defendant has three qualifying convictions under the ACCA, the Court overrules defendant's claim that under Johnson, his 15-year statutory minimum sentence on Count 3 should

be vacated.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief.   Accordingly, no evidentiary hearing is required.   See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.   A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).[9]   To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).   For reasons stated above, the Court finds

---

[9]      The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.   See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

that defendant has not satisfied this standard.   The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255 By A Prisoner In Federal Custody</u> (Doc. #259) filed June 22, 2016 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 23rd day of August, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

-17-