IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>v.<br><br>KEVIN TOMMIE HALL,<br><br>                              Defendant. | CRIMINAL ACTION<br><br>No. 06-20162-01-KHV |

**MEMORANDUM AND ORDER**

On October 7, 2008, a jury found defendant guilty of armed bank robbery; using a firearm during and in relation to a crime of violence; and possession of a firearm by a convicted felon. On June 10, 2009, the Court sentenced defendant to 594 months in prison.  On February 21, 2023, the Court overruled defendant's Motion Under 18 U.S.C. § 3582(c)(1)(A) For Compassionate Release Or A Reduction Of Sentence (Doc. #289) filed November 21, 2022.  See Memorandum And Order (Doc. #295).  This matter is before the Court on defendant's Motion To Supplement Defendant's Response to The Government's Opposition For Compassionate Release (Doc. #296) filed February 21, 2023.  Because defendant filed his motion to supplement after the Court had decided his motion for compassionate release, the Court construes defendant's motion as one to reconsider the order overruling his motion for compassionate release.  For reasons stated below, the Court overrules defendant's motion.

**Legal Standards**

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider.  Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases.  See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014).  The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained

previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Christy, 739 F.3d at 539.

## Analysis

Defendant seeks to supplement the record with various medical records, which he has attached to his motion. Even if the Court assumes that through the exercise of due diligence, defendant could not have obtained these documents previously, the documents do not alter the Court's decision to overrule his motion for compassionate release.

Defendant first argues that the additional medical records support his assertion that his liver condition is severe and that his ailments likely would constitute a "disability" for purposes of the Social Security Act. To qualify for compassionate release, defendant must show extraordinary and compelling reasons for a reduced sentence, not that he is unable to work or otherwise disabled. The Court previously recognized that defendant suffers from several severe health conditions including asthma, end stage cirrhosis of the liver, portal hypertension and an apparent heart ailment. Memorandum And Order (Doc. #295) at 8–9. Even so, defendant failed to show that these medical conditions—either by themselves or collectively, together with the risk of contracting COVID-19 or suffering severe illness from it—are extraordinary and compelling reasons for release. Id. at 8–10. Defendant's additional medical records do not alter the Court's conclusion that his medical conditions are not extraordinary and compelling reasons for a reduced sentence.

Defendant again asserts that prison medical staff has not followed up on certain medical conditions or conducted examinations or tests that other staff members recommended. Defendant

is not at a federal medical center and he apparently has not requested that the BOP transfer him to such a facility. Claims which assert potential negligence of medical personnel and constitutional violations are more appropriately brought initially—if at all—in a separate civil action, not as part of a motion for compassionate release. Id. at 9 n.5. A separate timely civil action can more readily assess the validity of such claims and provide any necessary relief. Even if the Court considers defendant's additional medical records, he has not shown that the BOP's delay of medical treatment—which apparently did not warrant a separate civil action or administrative grievance—constitutes an extraordinary and compelling reason for release.

Finally, even if defendant could establish "extraordinary and compelling" reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553(a). See id. at 19–21.

In sum, even after the Court considers defendant's "new evidence" related to his medical conditions and the lack of documented follow-up on his medical conditions, it finds that he has not shown "extraordinary and compelling" reasons for release or that the factors under 18 U.S.C. § 3553(a) support a reduced sentence. The Court therefore overrules defendant's motion to reconsider the ruling on his compassionate release motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Supplement Defendant's Response to The Government's Opposition For Compassionate Release (Doc. #296) filed February 21, 2023, which the Court construes as a motion to reconsider the Memorandum And Order (Doc. #295) filed February 21, 2023, is **OVERRULED**.

Dated this 24th day of March, 2023 at Kansas City, Kansas.

             s/ Kathryn H. Vratil
             KATHRYN H. VRATIL
             United States District Judge